**BRINKER CAPITAL HOLDINGS, INC., and Brinker Special Situation, LLC, Plaintiffs,**

v.

**IMAGEX SERVICES, INC., Pioneer Capital Corporation, John F. Ferraro, Robert A. Lerman, Andrew F. Capoccia, Jeffrey F. Desantis, Nancy B. Inserra, Kenneth B. Lerman, Esq., and George Inserra, Defendants.**

**No. 96–CV–1138(FJS).**

United States District Court, N.D. New York.

March 26, 1998.

---

Office of Janet K. Decosta, Washington, DC, for Plaintiffs.

McNamee, Lochner Law Firm, Albany, NY (Kevin Laurilliard, of counsel), for Plaintiffs.

Camhy Karlinsky & Stein, L.L.P., New York City (Elaine M. Laflamme, of counsel), for Pioneer Capital Corporation, John F. Ferraro, and Robert A. Lerman.

Wilson, Elser Law Firm, Albany, NY (Cynthia D. Shenker, of counsel), for Kenneth B. Lerman.

Rabinowitz, Boudin Law Firm, New York City (Eric M. Lieberman, of counsel), for Andrew F. Capoccia.

Moore, Williams Law Firm, New York City (Daniel S. Cohen, of counsel), for Andrew F. Capoccia.

Office of Andrew Capoccia, Albany, NY, for Andrew F. Capoccia and Imagex Services, Inc.

Cascone, Cole Law Firm, New York City (Michael S. Cole, of counsel), for Jeffrey F. DeSantis.

## MEMORANDUM—DECISION AND ORDER

SCULLIN, District Judge.

### Introduction

Plaintiffs, Brinker Capital Holdings, Inc. ("Brinker Capital") and Brinker Special Situation, LLC ("Brinker Special"), bring this action alleging that the Defendants made a series of misrepresentations and omissions of material fact in violation of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) & 78t(a). Plaintiffs also assert various state law claims. Presently before the Court are the following motions: (1) motion to dismiss the First Amended Complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure brought by Defendants Pioneer Capital Corporation, John Ferraro, and Robert Lerman; (2) motion to dismiss pursuant to Fed. R.Civ.P. 9(b) and 12(b)(6) brought by Defendant Kenneth Lerman; and (3) motion to dismiss pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6) brought by Defendant Andrew Capoccia.

### Background[1]

In early 1993, the Defendants decided to take public a small emerging medical imaging company, Unicare, Inc. Before doing so, they merged Unicare, Inc. with Balloonies, Inc. to form Imagex Services, Inc. ("Imagex"). Thereafter, in March 1994, the Defendants devised what they termed the "Core Investment Strategy," under which the Defendants would seek to find an investor who would purchase common stock in Imagex and promise to hold onto such stock for at least two years in the hopes that the company succeeded. This type of investor is known as a "strong hands" investor in the securities context because such investor is willing to endure both the rises and falls that the company would experience in its formative years. In May 1994, the Defendants approached Plaintiff Brinker Capital, a corporation which provides investment advisory services, to solicit their involvement as the "strong hands" investor for Imagex.

Before deciding whether or not to invest in Imagex as the "strong hands" investor, the Plaintiff conducted some research on its own, but claims that it primarily relied on the descriptive and financial information provided by the Defendants. Specifically, the Plaintiff allegedly relied on statements and/or omissions made during numerous meetings with the Defendants. In mid-July 1994, the Plaintiff agreed to become the

---

1. The following is a brief summary of the facts as alleged in the First Amended Complaint. The Court accepts such allegations as true for the purposes of these motions and draws all inferences in favor of the plaintiff. *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993).

"strong hands" investor in Imagex and formed a subsidiary known as Brinker Special Situation, LLC to effectuate the transaction. Brinker Special was to solicit and pool together investor funds to acquire Imagex common stock. Brinker Capital served as Brinker Special's manager, administrator, and advisor.

On July 29, 1994, Imagex submitted its Form SB-2 for filing with the Securities and Exchange Commission ("SEC") pursuant to the Securities Act of 1933. Form SB-2 is a document that registers the securities with the SEC, and is filed prior to the sale of the securities. Between July 29, 1994 and August 5, 1994, Brinker Special purchased 300,-000 shares of Imagex common stock for a total purchase price of $950,000.

On July 12, 1996, approximately two years after the purchase of the shares, the Plaintiffs, Brinker Capital and Brinker Special, filed this § 10(b) and Rule 10b-5 action asserting that the Defendants collectively engaged in making a series of material misrepresentations and omissions regarding the financial health and management of Imagex in order to induce them into becoming the "strong hands" investor in Imagex.

As stated, presently before the Court are three motions brought by five of the nine Defendants seeking the dismissal of the First Amended Complaint (hereinafter the "Complaint") on the grounds that it fails to apprise each Defendant of his particular role in the alleged fraud.

### Discussion

In the context of private securities litigation, the stringent pleading requirements of Fed.R.Civ.P. 9(b) have been further strengthened by the Private Securities Litigation Reform Act of 1995 ("PSLRA").[2] *See* Fed.R.Civ.P. 9(b); 15 U.S.C. § 78u-4. In general, the plaintiff must allege the facts and circumstances which constitute the fraud with particularity. *See* Fed.R.Civ.P. 9(b); 15 U.S.C. § 78u-4. Under the PSLRA, "particularity" means that "the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation

regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1).

Additionally, to create a strong inference of scienter on the part of a defendant the PSLRA requires that facts be alleged with particularity as to that defendant. *See* 15 U.S.C. § 78u-4(b)(2). Therefore, a plaintiff alleging securities fraud must specify for *each* defendant: (1) each false statement or omission the defendant is responsible for; (2) the time and place each statement or omission was made; (3) the reason the statement or omission is misleading and the manner in which each statement or omission misled the plaintiff; (4) if an allegation concerning such statement or omission is based upon information and belief, all facts which supports the allegation; (5) what the defendant obtained as a consequence of the fraud; and (5) the facts which give rise to a strong inference of scienter. *See* 15 U.S.C. § 78u-4(b)(1), (2); *see also Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 52 (2d Cir.1995); *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1175 (2d Cir. 1993).

### I. Defendant Attorney Lerman's Rule 9(b) Motion

Defendant Kenneth Lerman ("Attorney Lerman") argues that the Complaint does not apprise him of the particular fraudulent conduct attributable to him. Attorney Lerman contends that the Complaint merely alleges that he had access to financial data and that he prepared the Form SB-2 document for filling with the SEC, which is not alleged to contain false information.

The Plaintiffs argue that the Complaint does set forth Attorney Lerman's role in the fraud. In particular, the Plaintiffs contend that Attorney Lerman was selected as the attorney for Imagex, served as one of the main conduits of information from Imagex to Defendant Pioneer Capital Corporation ("Pioneer Corp."), assisted in preparing the Balloonies–Unicare–Imagex transaction, prepared all of Imagex's public filings with the

2. Pub.L. No. 104–67 (codified in various sections in 15 U.S.C.).

SEC, and was compensated for his legal services with cash and Imagex stock.

■ As stated, in a securities fraud action, each defendant must be apprised of the specific nature of his alleged participation in the fraud. The only exception to this requirement is when the particular defendant is a "control person." *See Di Vittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987); *Morin v. Trupin*, 778 F.Supp. 711, 717 (S.D.N.Y.1991). Since the Complaint does not allege that Attorney Lerman was a "control person," this exception does not apply to him.[3]

■ The Complaint does not specifically attribute to Attorney Lerman any alleged misrepresentation or omission.[4] The only instance in which the Complaint connects Attorney Lerman with a misrepresentation occurs when the Complaint states, "[t]o induce the Plaintiffs to purchase shares of stock in the Company, *the Defendants* misrepresented the financial status of the Company and/or omitted to disclose, *inter alia*, the following material facts. . . ." (Am.Compl. ¶ 74.) It is not sufficient for a complaint to refer to all the defendants under the general term "Defendants" or refer to a defendant in an "and/or" manner. *See Morin*, 778 F.Supp. at 718. The complaint must be specific for *each* defendant. The Court finds that the Plaintiffs have failed to satisfy the PSLRA and Rule 9(b) requirement of specificity, and therefore grants Defendant Attorney Lerman's motion to dismiss.[5]

3. While Attorney Lerman may have had access to Imagex's financial data, no facts are alleged that he exercised influence over or participated in the day-to-day operations of Imagex.

4. The allegations in the Complaint regarding Attorney Lerman are that: (1) he served as legal counsel for Imagex (Am.Compl.¶¶ 17, 46); (2) he prepared all legal paperwork for the Balloonies–Unicare–Imagex transaction (¶ 21); (3) he assisted in negotiating contracts and settlements for Imagex (¶¶ 29, 51); (4) he was aware of Imagex's financial and management problems (¶¶ 34, 36, 43, 48, 49, 56); (5) he prepared Imagex's filings with the SEC (¶ 55); and (6) he was the beneficial owner of 61,966 shares of Imagex (¶ 76).

5. It should be noted that in their opposition briefs to all three motions, the Plaintiffs continuously referred to "facts" which were not alleged

## II. Defendants Pioneer Corp., Ferraro, R. Lerman, and Capoccia's Rule 9(b) Motions

Defendants John Ferraro ("Ferraro"), Robert Lerman ("R. Lerman"), Pioneer Corp., and Andrew Capoccia ("Capoccia") argue that the Complaint does not meet the stringent pleading requirements because, as it applies to them, it simply "lumps" all of the Defendants together and contains mere conclusory allegations. The Court agrees.

■ The Plaintiffs, however, assert that the "control person" pleading exception is applicable to these Defendants. As previously stated, in a securities fraud case, each defendant must be apprised of the specific nature of his alleged participation in the fraud, unless that particular defendant is a "control person."[6] *See Di Vittorio*, 822 F.2d at 1247; *Morin*, 778 F.Supp. at 717. An individual is a "control person" if he has "the power to direct or cause the direction of the management and policies of [the perpetrator], whether through ownership of voting securities, by contract, or otherwise." *SEC v. First Jersey Securities*, 101 F.3d 1450 (2d Cir.1996). This necessarily means that the particular defendant must have either directly or indirectly induced the act or acts that constituted the fraud.

■ The Complaint alleges that Ferraro was the President, partner, and managing director of Pioneer Corp. and that R. Lerman was a partner and managing director of Pioneer Corp. The Complaint also alleges that Capoccia was the President, Treasurer,

in their Complaint in an attempt to clarify the roles of each defendant.

6. In general, the "control person" doctrine has been applied when a plaintiff alleges that the defendants committed fraud through the use of a prospectus, offering memorandum, registration statement, annual report, or press release, in which the misleading information was published by the defendants collectively. *See Luce v. Edelstein*, 802 F.2d 49, 54 (1986). Since none of the Defendants have raised the issue of the applicability of the "control person" doctrine, the Court will assume for the purposes of these motions that the doctrine is a viable method of pleading if the facts alleged support the use of it.

Director, and shareholder of Imagex. While such factual allegations may suggest that these particular Defendants were "control persons" of their respective corporations, it does not support a finding that they could be "control persons" of any other Defendant. The Complaint, however, continuously lumps together Ferraro, R. Lerman, and Capoccia with each other and other Defendants over whom they are not alleged to be "control persons" in those paragraphs alleging the misrepresentations and omissions. (*See* Am. Compl. ¶ 74, 78–85.) As such, the Complaint does not fairly apprise each Defendant of the specific fraudulent conduct alleged to be attributable to him. *See Landy v. Mitchell Petroleum Technology Corp.*, 734 F.Supp. 608, 620–21, 623 (S.D.N.Y.1990). The Complaint fails to set forth for each Defendant: (1) each false statement or omission the defendant is responsible for; (2) the time and place each statement or omission was made; (3) the manner in which each statement or omission misled the plaintiff; (4) if an allegation concerning such statement or omission is based upon information and belief, all facts which support the allegation; (5) what the defendant obtained as a consequence of the fraud; and (5) the facts which give rise to a strong inference of scienter. Therefore, the Court grants the Defendants' motion to dismiss pursuant to Rule 9(b).

In summary, the Court grants all three motions brought pursuant to Rule 9(b) and dismisses the Complaint.[7] The Court, however, grants the Plaintiffs leave to file a Second Amended Complaint which complies with the stringent pleading requirements set forth in this Order. *See Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir.1986).

### Conclusion

After carefully reviewing the entire file in this matter, the submissions of the parties, and the applicable law, it is hereby

ORDERED that the motion to dismiss brought by Defendants Pioneer Capital Corporation, John Ferraro, and Robert Lerman is GRANTED; it is further

ORDERED that the motion to dismiss brought by Defendant Kenneth Lerman is GRANTED; it is further

ORDERED that the motion to dismiss brought by Defendant Andrew Capoccia is GRANTED; and finally it is further

ORDERED that Plaintiffs file and serve a Second Amended Complaint within thirty (30) days from the date of this Order.

**IT IS SO ORDERED.**

---

**7.** Because the Court grants the Rule 9(b) motions, it is unnecessary to consider the Rule 12(b)(6) motions. Additionally, the Court declines to exercise supplemental jurisdiction over the state law claims.